CALDWELL v. KERBAUGH.

(Circuit Court, W. D. Pennsylvania. February 26, 1906.)

No. 6.

NEGLIGENCE—QUESTION FOR JURY—CARE IN SELECTION OF SERVANT.

The facts that defendant established a magazine in which a large quantity of dynamite was stored within 1,000 feet of plaintiff's residence, with no intervening hills, and that a fire was maintained in such magazine to keep the dynamite thawed ready for use, placed upon defendant the duty of exercising a high degree of care in the selection of a custodian; and evidence that the person placed in sole charge was intemperate, and that an explosion occurred by which plaintiff was injured while in his home, was sufficient to require the submission to the jury of the question of defendant's negligence in that regard.

At Law. On motion for new trial.

Kline & Kline and Gregg & Potts, for plaintiff.
Robbins & Kunkle for defendant.

BUFFINGTON, District Judge. This is a motion for a new trial. The plaintiff brought suit for personal injuries to him caused by the explosion of a dynamite magazine of the defendant company. He resided about 1,000 feet therefrom and was in his house when injured. His sight was totally destroyed, and his appearance, as well as the proof, showed his health was shattered. The jury allowed him the moderate sum of $2,500, a result they must have reached on the basis he was well advanced in years and had small earning power. We are therefore not disposed to set the verdict aside unless the court was not warranted in submitting the case to the jury. The plaintiff alleged negligence by the defendant company in three regards: First, in location of its magazine, within 300 to 350 yards from plaintiff's home; second, negligence in employing a watchman who was addicted to drink to attend the stove in such magazine; and, third, the negligence of such watchman in taking care of the magazine. In our judgment the proofs were such the court was bound to submit this case to the jury. Indeed, we are not satisfied the court did not err on the side of the defendant in not so submitting as a question of negligence the location of a dynamite magazine within 1,000 feet of another's dwelling, and with no protecting hills to ward off the effects of an explosion.

But, assuming we rightly held in that regard, certainly the close proximity of this magazine to dwelling houses, the fact that dynamite sufficient to prosecute an extensive excavating and blasting operation was to be stored in it, and that those operations were to be carried on in cold weather and fire maintained in the magazine to keep the dynamite thawed for use—all these were facts which required the defendant to exercise a correspondingly high degree of care in the selection of a person to whose charge this highly dangerous agent was alone intrusted. Now we cannot say that men who found from the facts in evidence that the defendant was negligent and failed to exercise care in selecting its caretaker were unreasonable and not justified in reaching such conclusion. If the facts are such that reasonable men may differ in the inference they draw from them, and reasonable men may infer they show a lack of due care on one's part, then the duty of the court would seem clear to submit those facts to the test of jury trial; a constitutional right, be it observed, not lightly to be denied. The proofs show there was a club where liquor was to be had, that the watchman was seen there twice, that on one occasion he was intoxicated, that on different occasions he got beer by the keg, that on the day of the explosion a keg was ready for delivery, but had not been received by him—all these were facts from which reasonable men might infer he was not the sort of man who should have been intrusted with the care of so highly dangerous and vitally important a service to those residing in that neighborhood as a dynamite magazine where fire was kept. If to this we add the proof as

to the degree of heat maintained at times by him, it will be seen the court would not have been justified in saying as a question of law no inference of negligence could be attributed to the defendant company, whose duty it was to use due care in selecting an agent, and who was responsible for the act of such agent after he was selected.

On the whole, we see no ground to grant this motion.